**Patrick Edwin GOLDEN, Jr.,
Plaintiff-Appellant,**

v.

**KENTILE FLOORS, INC., et al.,
Defendants-Appellees.**

**No. 73-1268
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 21, 1973.

---

* Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

A. O. Bracey, III, Daniel H. Neely, Atlanta, Ga., for plaintiff-appellant.

Taylor W. Jones, Kirk McAlpin, Atlanta, Ga., Samuel F. Howard, Jr., Irving R. Krosner, New York City, for Kentile.

Michael C. Russ, Atlanta, Ga., for Manufacturers Hanover Trust Co.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

By this suit plaintiff Golden seeks injunctive and compensatory relief for the alleged wrongful withholding of his interest in the Kentile Floors Profit Sharing Plan, naming as defendants his former employer (Kentile Floors), members of the Kentile Floors Profit Sharing Committee, and the trustee (Manufacturers Hanover) of funds contributed under the Profit Sharing Plan. This appeal is from a partial summary judgment for Manufacturers Hanover[1] which plaintiff alleged had both violated § 1 of the Sherman Act, 15 U.S.C. § 1, and breached its fiduciary responsibilities as a trustee.[2] We affirm.

The fundamental facts may be briefly stated. In 1953 Kentile Floors established a noncontributory "Profit Sharing Plan for Salaried Employees" which called for annual employer contributions based essentially on a percentage of the employer's pretax income. General administration of the Plan was vested in a Profit Sharing Committee, whose powers included determining all questions of eligibility and deciding the rights of members in the assets of the Plan. The Plan also required the employer to designate Manufacturers Hanover as trustee of contributions made to the Plan, and Kentile Floors and Manufacturers Hanover accordingly executed a separate Trust Agreement. This Agreement clearly limited the trustee's principal duties to investing and managing the Plan's assets. It specifically provided that in the absence of an express delegation of authority, determination of rights and benefits of persons under the Plan was vested exclusively in the Profit Sharing Committee, and that the trustee could disburse funds only upon express written direction of the Committee. No delegation of authority pertinent to the appeal has been made to the trustee and none of the trustee's employees are members of the Kentile Floors Profit Sharing Committee.

Plaintiff Golden worked for Kentile Floors from 1949 to December 5, 1969, when he resigned to help form Commander Carpet Mills, Inc. At the time of his resignation Golden allegedly had a pro rata share in the Plan of about $28,000 to which he ordinarily would have been entitled upon severance from the firm. The Plan contained, however,

1. The District Court's opinion is reported at 344 F.Supp. 807.

2. This appeal was originally taken without the Fed.R.Civ.P. 54 certification required to confer our jurisdiction over appeals from partial summary judgments. While the appeal was pending, the District Court entered nunc pro tunc an order certifying that there was no just cause for delay. This court then dismissed the appeal for lack of jurisdiction but with directions to treat the certification as a fresh order and to allow the appellant to redocket his appeal. Appellant is now proceeding on the redocketed appeal.

an "anti-compete" clause providing for forfeiture of the member's interest if upon severance he became engaged in competition with the firm. About four months after Golden's severance from Kentile, the Profit Sharing Committee determined that Golden was engaged in competition and informed him that unless he immediately left his new employ his interest in the fund would be forfeited. Despite plaintiff's earnest protestations to the Committee that the fledging company he had helped to form was not in competition with Kentile, and despite his subsequent willingness to serve as an independent agent for Kentile, the Committee steadfastly refused to authorize disbursement to plaintiff of his asserted interest in the fund.

### 1. Antitrust allegation

Section 1 of the Sherman Act makes unlawful "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce. . . ." 15 U.S.C. § 1. Golden alleges that Manufacturers Hanover participated in an illegal conspiracy, contract, or combination in acting as trustee for funds contributed under a Profit Sharing Plan containing an "anti-compete" provision. He framed his complaint as follows:

> Defendants Kentile, [members of the Profit Sharing Committee], and Manufacturers Hanover by adopting Article VII, Section 12(b) [the anti-compete provision] as an integral part of the Profit Sharing Plan and by agreeing to and cooperating to enforce the prohibitions contained in Article VII, Section 12(b) against all former employees of Kentile have participated and continued to participate in a contract, combination and conspiracy in violation of 15 U.S.C. § 1.

Manufacturers Hanover answered that its role as trustee was not to deprive the market of plaintiff's services but only to invest the contributions to the fund. Through uncontroverted affidavit of its general counsel Manufacturers Hanover stated that it "has no reason to have had any knowledge concerning the membership of Patrick E. Golden in the Plan or the facts and circumstances upon which any claim made by Patrick E. Golden, relating to the Plan, is based." Therefore the narrow issue shaped by the pleadings, affidavits, and depositions is whether Manufacturers Hanover, as a bare trustee of funds contributed under a Profit Sharing Plan with an anti-compete provision, is a participant in a combination or conspiracy in restraint of trade.

Two cases directly in point support the trustee's position. In Austin v. House of Vision, Inc., 404 F.2d 401 (7th Cir. 1968), an employee of an optical company sued under the antitrust laws for relief from mandatory forfeiture of employer contributions to an employees' benefit plan upon acceptance of employment with a competitor. The Seventh Circuit upheld dismissal for failure to state a claim upon which relief could be granted. As to the claim against the trustee of funds contributed to the plan, the court stated:

> It is not clear how there could have been an actionable conspiracy by the trustees of the Fund: their duties were limited to the administration of the fund pursuant to its written provisions. The trustees, as such, were not engaged in the optical business and much less were not competitors of defendant.

Id. at 403. In accord is Graham v. Hudgins, Thompson, Ball & Assocs., 319 F.Supp. 1335 (N.D.Okl.1970).

■■■ We are in agreement with the holdings of those cases. To hold the trustee liable for an antitrust violation under circumstances here present would presage liability for a host of servicing agents only fortuitously connected with Sherman Act defendants. Supreme Court precedents make clear that participation in a combination is illegal only when, at the minimum, it manifestly results from the family of procompetitive or anticompetitive objectives related to the relevant market. Compare United

States v. Topco Assocs., 405 U.S. 596, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972); United States v. Columbia Steel Co., 334 U.S. 495, 522, 68 S.Ct. 1107, 92 L.Ed. 1533, 1551 (1948); FTC v. Cement Institute, 333 U.S. 683, 718–719, 68 S.Ct. 793, 92 L.Ed. 1010, 1043–1044 (1948); American Tobacco Co. v. United States, 328 U.S. 781, 809–810, 66 S.Ct. 1125, 90 L.Ed. 1575, 1594 (1946); United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940); Interstate Circuit v. United States, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610 (1939). The record in this case unequivocally establishes that Manufacturers Hanover's role was limited to investment functions and was not directed toward excluding potential competitors of Kentile Floors from the floor covering market. Manufacturers Hanover at most innocently assisted a market manipulator, and therefore is outside the umbrella of antitrust liability. See United States v. Socony Vacuum Oil Co., *supra* at 245, 60 S.Ct. at 854, 84 L.Ed. at 1180.

Because our view is that under the facts of this case Manufacturers Hanover could not be a participant in a Sherman Act combination to deprive the market of plaintiff's services, we pretermit discussion of the District Court's ruling that the anti-compete provision did not unreasonably restrain trade. Our decision merely carves Manufacturers Hanover out of the lawsuit. Whether the remaining parties to the action have formed an actionable, illegal combination in restraint of trade remains a viable question.[3]

**2. Breach of fiduciary responsibilities**

■ Section 1, Article VIII of the Trust Agreement between Manufacturers Hanover and Kentile Floors provided as follows:

> The [Kentile Floors Profit Sharing] Committee shall have complete control and authority to determine the existence, non-existence, nature and

amount of the rights and interests of . . . all former Employees . . . in or to the Trust Fund or under the Plan, and the Trustee shall have no power, authority or duty in respect of such matters to question or examine into any determination made by the Committee or direction given by the Committee to the Trustee.

In light of this provision, the District Court correctly ruled that Manufacturers Hanover did not breach a fiduciary duty in refusing to disburse funds without specific authorization from the Committee. The trustee represents to this court in its brief that if Golden prevails in his sharply contested suit against Kentile Floors and its Profit Sharing Committee and secures a judgment entitling him to an interest in the Plan's assets, the trustee will comply with directions to disburse funds to Golden. We agree with the District Court that the trustee will best protect the interests of all concerned by awaiting resolution of the dispute between the company and its employee.

**3. Summary judgment**

■ Summary judgment under Rule 56(c) is proper when the moving party satisfies his burden of showing the absence of a genuine issue as to any material fact. E. g., Adickes v. S. H. Kress & Co., 398 U.S. 144, 153–161, 90 S.Ct. 1598, 26 L.Ed.2d 142, 151–156 (1970); Commercial Metals Co. v. Walker, 439 F.2d 1103, 1104–1105 (5th Cir. 1971). We agree with the District Court that Manufacturers Hanover has satisfied its burden. The issues joined below and on appeal have concerned exclusively the applicability of legal principles to undisputed facts. Appellee has shown that on the basis of those undisputed facts, its liability was not a question for the trier of facts and that it is entitled to judgment as a matter of law. See 6 Moore, Federal Practice ¶ 56.02 [10] (2d ed. 1972).

The judgment is affirmed.

3. For related discussions see Annot., 2 A.L.R.Fed. 839 (1969); Annot., 18 A.L.R. 3d 1426 (1968); Annot., 3 L.Ed.2d 1798 (1959).