Louis F. ROSANOVA,
Plaintiff-Appellant,

v.

PLAYBOY ENTERPRISES, INC.,
Defendant-Appellee.

No. 76–2300.

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 1978.

Reginald C. Haupt, Jr., Savannah, Ga., for plaintiff-appellant.

Walter C. Hartridge, Savannah, Ga., Michael L. Shakman, Chicago, Ill., for defendant-appellee.

Before COLEMAN, HILL, and RUBIN, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This diversity case involves a charge of libel against Playboy Enterprises, Inc. on the basis of an article in Playboy Magazine which referred to Mr. Rosanova as a "mobster." The district court opinion[1] outlines the development of the applicable law in the area of defamation and First Amendment rights, as well as setting out in detail the facts of the case. After extensive discovery by both sides, Playboy moved for summary judgment. This appeal is from the district court's grant of summary judgment in the defendant's favor. The issues on appeal are (1) whether the district court was correct in concluding that the plaintiff is a public figure for purposes of this suit, and, if so, (2) whether the district court was correct in concluding, from the record, that

---

1. *Rosanova v. Playboy Enterprises, Inc.,* 411 F.Supp. 440 (S.D.Ga., Sav. Div. 1976).

there was no actual malice on the part of the defendant.

■ The district court was correct in recognizing Mr. Rosanova as a public figure under *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), and *Time, Inc. v. Firestone*, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976), for purposes of this suit. Although the public figure concept has eluded a truly working definition,[2] it falls within that class of legal abstractions where "I know it when I see it," in Mr. Justice Stewart's words. *See Jacobellis v. Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) (Stewart, J., concurring).

There is no dispute that appellant has been the subject of published newspaper and other media reports of his activities. The nature of his reported associations and activities concerning organized crime, are, without dispute, subjects of legitimate public concern.[3] While appellant never disputed that he has associated with various personalities who appear, themselves, to be subjects of widespread media reports, he seeks to dispute the accuracy of prior published characterizations of himself and descriptions of his associates.

In short, appellant does not proffer proof disputing Playboy's evidence that appellant is and was a public figure; he asserts that he has never sought such a status and that, in truth, he ought not have become one.

In our view of the law resulting from the inevitable collision between First Amendment freedoms and the right of privacy, the status of public figure *vel non* does not depend upon the desires of an individual. The purpose served by limited protection to the publisher of comment upon a public figure would often be frustrated if the subject of the publication could choose whether or not he would be a public figure. Comment upon people and activities of legiti-

mate public concern often illuminates that which yearns for shadow. It is no answer to the assertion that one is a public figure to say, truthfully, that one doesn't choose to be. It is sufficient, as the district court found, that "Mr. Rosanova voluntarily engaged in a course that was bound to invite attention and comment." 411 F.Supp. at 445.

■ Plaintiff argues that consideration of past media reports in the determination of public figure status allows defamation defendants to "bootstrap" themselves into the protection thus afforded. We need not decide whether or not such a contention might ever prevail. No proper basis for such an assertion is present here. There is no claim in this case that the publisher of this allegedly defamatory article first set out to protect itself by creating the public figure status of Mr. Rosanova "out of the whole cloth." There is no evidence upon which the district judge could have found that the defendant before the court "bootstrapped" by itself or in league or conspiracy with others. The court considering the motion for summary judgment was concerned with the availability of the limited defense to the defendant before the court. Appellant incorrectly asserts that the court should have examined the bona fides of the media-universal as a monolithic, nonpresent defendant, represented by Playboy in this case.

In determining the availability of the defense to appellee in this case, Mr. Rosanova must be seen as he was when the article was published by this appellee. The trial judge correctly found that he was then, indeed, a public figure, subject to media comment as such.

■ The trial court held that it was the duty of the trial judge to determine whether or not the appellant was a public figure. Inasmuch as, in this case, the undisputed

2. The district court observed that "[d]efining public figures is much like trying to nail a jellyfish to the wall." 411 F.Supp. at 443.

3. We are not here addressing the case of a person who has, admittedly, been the subject

of news coverage of activities of an essentially private nature in which the public has no, or at most marginal, legitimate interest. *See Time, Inc. v. Firestone, supra.*

evidence required a finding that Rosanova was a public figure, the trial court was clearly correct. We need not decide whether or not, in all cases, the determination of that issue would be a function of the court. The majority of courts have treated it as a court question and not one for the jury. *E. g., Hoffman v. Washington Post Co.,* 433 F.Supp. 600, 604 (D.D.C.1977); *Hutchinson v. Proxmire,* 431 F.Supp. 1311, 1326 (W.D. Wis.1977), *aff'd,* 579 F.2d 1027 (7th Cir. 1978); *Wolston v. Reader's Digest Association,* 429 F.Supp. 167, 176 (D.D.C.1977); *Hotchner v. Castillo-Puche,* 404 F.Supp. 1041, 1045 (S.D.N.Y.1975), *rev'd on other grounds,* 551 F.2d 910 (1977). Some appear to hold otherwise. *Reliance Insurance Co. v. Barron's,* 442 F.Supp. 1341, 1346 (S.D.N. Y.1977); *Martin Marietta Corp. v. Evening Star Newspaper,* 417 F.Supp. 947, 954 (D.D. C.1976). Nevertheless, where undisputed facts admit to but one conclusion, then, on motion for summary judgment, the court properly decides the issue. *Golden v. Kentile Floors, Inc.,* 475 F.2d 288, 291 (5th Cir. 1973); Fed.R.Civ.P. 56(c).

■ Having correctly concluded that the plaintiff is a public figure for purposes of this case, the district court then properly turned to the actual malice test as set out in *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). No affidavit or deposition filed before the trial judge created a genuine issue concerning the possible presence of malice or reckless disregard of the truth. The subjective awareness of probable falsity required by *St. Amants v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968), cannot be found where, as here, the publisher's allegations are supported by a multitude of previous reports upon which the publisher reasonably relied. Playboy is required to show only that the single allegation involved in this suit was made on the basis of sources which were not believed to be false; defamation defendants will not be forced to defend, nor will a trial judge in a later libel case have to retry, the truthfulness of previous reports made by independent publishers.

■ Allowing the public figure libel plaintiff to recover for defamation only upon a showing of maliciousness is not a punishment imposed upon the allegedly defamed party. It preserves the balance between free debate on the one hand and compensation of individuals for harm inflicted by defamatory falsehood on the other. *See Gertz v. Robert Welch, Inc.,* 418 U.S. at 339–43, 94 S.Ct. 2997. The First Amendment rights which are the basis of the protection thus afforded defamation defendants are of real importance. The exercise of these rights inevitably encroaches upon the privacy of public figures. The rule of *New York Times Co. v. Sullivan* represents the best accommodation available for the contradictions inherent in these rights. 418 U.S. at 343, 94 S.Ct. 2997. Those plaintiffs who either have entered of their own accord or have been drawn into a particular public controversy of legitimate public concern must show actual malice in order to recover. A less stringent burden of proof would unconstitutionally inhibit debate and comment concerning public controversies. The resulting invasion of privacy which public figure plaintiffs may claim is necessary to the limited protection afforded publishers in their reporting of public affairs.

Having found that the district court correctly concluded that the plaintiff was a public figure and that no evidence of actual malice appears in the record, we hold that there was no error in the grant of summary judgment in the defendant's favor. Except as the above remarks may modify, we affirm on the basis of the district court's well-reasoned opinion.

AFFIRMED.