NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHERYL MARIE MCCOY, et al., *Plaintiffs/Appellants*,

*v.*

LESLIE JOHNSON, *Defendant/Appellee*.

No. 1 CA-CV 21-0676
FILED 12-8-2022

Appeal from the Superior Court in Maricopa County
No.   CV2020-010557
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Bradley R. Jardine, Michael Warzynski
*Co-Counsel for Plaintiffs/Appellants*

Elardo, Bragg, Rossi & Palumbo, P.C., Phoenix
By Venessa J. Bragg
*Co-Counsel for Plaintiffs/Appellants*

Brown Patent Law, Scottsdale
By Nathan Brown
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

**¶1**　　　　Plaintiffs Cheryl Marie McCoy ("Cher"), Marcianne Johnson ("Marci"), and Melissa Wilson (Scovel) ("Melissa") challenge the dismissal of their defamation and false light invasion of privacy claims against defendant Leslie Johnson ("Leslie").[1]  We affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Plaintiffs appeal from the grant of a motion to dismiss for failure to state a claim upon which relief can be granted.  *See* Ariz. R. Civ. P. ("Rule") 12(b)(6).

**¶3**　　　　The parties reside in a community known as Val Vista Lakes, located in Gilbert, Arizona.[2]  Plaintiffs have all served on the Val Vista Lakes Community Association Board ("the Board").  Melissa and Marci were Board members before the regular November 2019 Board election, with Melissa serving as president.  Both were re-elected, and Marci was chosen to serve as Board president.  Although Cher was not on either the pre- or post-November 2019 election Board, her husband Todd served on both, and she previously served as Board president.

**¶4**　　　　According to the complaint, after the November 2019 election, Leslie (and other named defendants not parties to this appeal), "publish[ed] increasingly defamatory statements aimed at . . . Plaintiffs."  Plaintiffs

---

[1]　　　　Another defendant, James Rosebrough, was also an appellee in this appeal, but was removed by order of this court after the parties filed a stipulation to dismiss the appeal with prejudice as to him only.

[2]　　　　Plaintiffs have previously advised this court that there are 2280 members in the community's homeowners' association ("HOA").  *See McCoy v. Hassen*, 1 CA-CV 21-0524, 2022 WL 3754244, at *4, ¶ 22 n.6 (Ariz. App. Aug. 30, 2022) (mem. decision).

alleged that, before the election, Leslie wrote a social media post that "inquired as to people's religion, implying there was something related to religious belief affecting their actions."

¶5        Marci and Melissa were removed from the Board in a June 2020 recall election. Plaintiffs alleged that Leslie then (1) falsely claimed in another social media post that several people were not included in selection for the Board management committee because Board members affiliated with The Church of Jesus Christ of Latter-Day Saints ("LDS") selected LDS-favored applicants, calling those applicants "LDS hand[-]picked"; and (2) at an August 2020 Board meeting, while director Dustin Snow was responding to a question, yelled, "Because you're a MORMON, that's why you're a damn . . . ."

¶6        Shortly after that August 2020 Board meeting, Plaintiffs sued Leslie and numerous other defendants, alleging defamation, false light invasion of privacy, intentional infliction of emotional distress, and private nuisance.[3]  In response, several defendants, including Leslie, moved to dismiss all claims against them under Rule 12(b)(6).

¶7        The superior court held oral argument on several of the motions, but Leslie's motion, which had been filed only two days earlier, was not fully briefed at that time and was not argued. A few weeks later, Plaintiffs filed a written response to her motion. Leslie did not file a reply.

¶8        Forty-five days after Plaintiffs' response, the court granted most of the motions before it, including Leslie's. Concluding that Plaintiffs were limited purpose public figures "by reason of their service on the Board," the court dismissed their defamation claims as to nearly all defendants, including Leslie. The court also determined that the dismissed defendants' statements, as alleged in the complaint, were "statements of opinion, not actionable as defamation."

¶9        The court also dismissed Plaintiffs' false light claims against all defendants, concluding that limited purpose public figures cannot "maintain a claim for false light invasion of privacy stemming from statements related to the performance of their 'public life or duties.'" Additionally, the court dismissed Plaintiffs' intentional infliction of emotional distress claims against Leslie and most of the other defendants,

---

[3]        Plaintiffs also alleged violations of the Arizona Fair Housing Act, *see* Ariz. Rev. Stat. ("A.R.S.") §§ 41-1491 to -1491.37, but later conceded the court could dismiss that claim, which is not at issue here.

finding that their alleged statements fell "far short of 'extreme and outrageous' conduct."

¶10        As relevant to this appeal, the court entered a final Rule 54(b) judgment dismissing Plaintiffs' complaint against Leslie.   We have jurisdiction over this timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶11        We review *de novo* the dismissal of a complaint under Rule 12(b)(6).  *CVS Pharm., Inc. v. Bostwick*, 251 Ariz. 511, 516, ¶ 10 (2021).  We accept all well-pleaded facts as true and give Plaintiffs the benefit of all inferences arising from them.  *Botma v. Huser*, 202 Ariz. 14, 15, ¶ 2 (App. 2002).  But courts should not speculate about facts that may entitle plaintiffs to relief, *see Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420, ¶ 14 (2008) (citation omitted), nor should courts "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts," *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (citations omitted).

¶12        We will affirm if Plaintiffs "'would not be entitled to relief under any interpretation of the facts susceptible of proof' as a matter of law."  *Mesnard v. Campagnolo*, 251 Ariz. 244, 248, ¶ 11 (2021) (citations omitted).  And we may affirm if the dismissal is correct for any reason, even one the superior court did not consider.  *Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986).

I.     Plaintiffs Do Not Show the Superior Court Failed to Consider Their Response to Leslie's Motion.

¶13        Plaintiffs argue the superior court granted Leslie's motion without considering their response.  Plaintiffs, however, filed their written response more than a month before the court ruled on Leslie's motion.  The ruling listed Leslie's motion as one of several at issue and stated that the court had "reviewed and considered" it "*as well as Plaintiffs' Responses to same.*"  (Emphasis added).  We therefore reject Plaintiffs' contention.

II.    The Superior Court Did Not Err in Determining Plaintiffs Were Limited Purpose Public Figures.

¶14        Plaintiffs contend the superior court erred in finding they are limited purpose public figures based on their Board service.  A court may

4

decide as a matter of law whether a person is a public figure. *See Rosenblatt v. Baer*, 383 U.S. 75, 88 (1966).

¶15 Persons may be deemed public figures based on (1) their positions, (2) their purposeful activity in thrusting themselves into matters of public controversy, or (3) their close involvement with the resolution of matters of public concern. *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 483 (1986) (citing *Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa Cnty., Inc.*, 130 Ariz. 523, 527 (1981)). But defining who is a public figure is, as our supreme court has stated, "like trying to nail a jellyfish to the wall." *Id.* (quoting *Rosanova v. Playboy Enters., Inc.*, 411 F. Supp. 440, 443 (S.D. Ga. 1976)). Some "may achieve such pervasive fame or notoriety that [they] become[] a public figure for all purposes and in all contexts." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974). Others, such as those active in community and professional affairs, may become a public figure for a limited range of issues by voluntarily injecting themselves or being drawn into a particular public controversy, as we "look[] to the nature and extent of an individual's participation in the particular controversy giving rise to the defamation." *Id.* at 351-52.

¶16 Although Arizona courts have not addressed in a written opinion the specific question presented here—whether board members in a large homeowners' association can be treated as limited purpose public figures—several other courts have determined that they can. *See, e.g., Cabrera v. Alam*, 129 Cal. Rptr. 3d 74, 78 (Cal. Ct. App. 2011); *Metge v. Cent. Neighborhood Improvement Ass'n*, 649 N.W.2d 488, 496 (Minn. Ct. App. 2002); *Gulrajaney v. Petricha*, 885 A.2d 496, 504-05 (N.J. Super. Ct. App. Div. 2005); *Verna v. Links at Valleybrook Neighborhood Ass'n*, 852 A.2d 202, 214 (N.J. Super. Ct. App. Div. 2004); *Martin v. Comm. for Honesty & Justice at Star Valley Ranch*, 101 P.3d 123, 125 (Wyo. 2004).

¶17 The superior court relied on one of these cases—*Verna*—in reaching its conclusion. There, the plaintiff, a candidate for the homeowners' association board of directors, alleged the association had defamed him during a "candidate audit" in which it "advis[ed] unit owners which of the candidates were members in 'good standing.'" 852 A.2d at 205. The court determined that, by running for the board, the plaintiff had "thrust himself into a spotlight which justified viewing him as a public figure for the limited purpose of his candidacy." *Id.* at 214. The court also viewed the board member position as "essentially indistinguishable from a member of a town's governing body," noting that the association board "performs many quasi-municipal functions in order to provide the owners with what they sought upon purchasing their townhouses—a stable,

planned environment." *Id.* The court therefore ruled that the homeowner would need to show actual malice to encourage "free and robust communications regarding an individual's candidacy to the body which governs life in the community." *Id.* at 215.

¶18 Here, Marci and Melissa were Board members when Leslie made her post "inquir[ing] as to people's religion." Plaintiffs contend on appeal that Cher "ran for and was on the Board long ago," but the complaint offers no specifics as to when she served on the Board.[4] All three Plaintiffs, however, were Board candidates, served on the Board, and served as Board president at one time or another. As such, they either voluntarily injected themselves or were drawn into matters of concern to the Val Vista Lakes community. *See Dombey*, 150 Ariz. at 480-81 (quoting *Gertz*, 418 U.S. at 351); *see also Martin*, 101 P.3d at 131 (finding that a community association board member was a public figure because he "made a voluntary choice to assume a position that, because of its very nature, there was a high degree of probability that he would be required to participate in issues of concern to the lot owners of the subdivision").

¶19 Citing *Powell v. Washburn*, 211 Ariz. 553 (2006), Plaintiffs contend they cannot be limited purpose public figures because the Board is a private association. *Powell* does not address that question, however, and other authority suggests that private board members can become limited purpose public figures. *See Agar v. Judy*, 151 A.3d 456, 478 (Del. Ch. 2017) ("When individuals seek to serve as directors of an organization, they meet the second rationale for public figure status."); *Gulrajaney*, 885 A.2d at 504-05 (rejecting the plaintiff's argument that his status as a condominium association board candidate did not make him a limited purpose public figure because the association was "a private development with a private governing body"). Plaintiffs cite no relevant authority to the contrary.

¶20 Plaintiffs also contend they did not start the "conversation" about their religious affiliations. But "[w]hatever requirement there might be to 'thrust' oneself into a public controversy was satisfied by [Plaintiffs'] voluntary participation in activity calculated to lead to public scrutiny." *Dombey*, 150 Ariz. at 485. "It is no answer to the assertion that one is a public figure to say, truthfully, that one doesn't choose to be. It is sufficient, . . . that [Plaintiffs] voluntarily engaged in a course that was bound to invite attention and comment." *Rosanova v. Playboy Enters., Inc.*, 580 F.2d 859, 861

---

[4] The complaint alleges that Melissa, Marci, Cher's husband Todd, and others were on the Board "[i]mmediately prior to" and after the November 2019 election.

(5th Cir. 1978) (internal quotations omitted), *quoted in Silvester v. Am. Broad. Co.*, 839 F.2d 1491, 1496 (11th Cir. 1988), *quoted in Martin*, 101 P.3d at 131. Plaintiffs did so here by seeking and holding Board positions, including that of Board president.

**¶21** We also reject Plaintiffs' argument that the open meeting provision of the Planned Communities Act means that homeowners' associations are not governmental entities. *See* A.R.S. § 33-1804. That statute's policy statement, which states in part that "all meetings of a planned community . . . be conducted openly" and that sufficient notice be provided so that "members have the ability to speak after discussion of agenda items," strongly suggests that Board activities and decisions are matters of public concern to the Val Vista Lakes community. A.R.S. § 33-1804(F); *see also Smith v. A Pocono Country Place Prop. Owners Ass'n*, 686 F. Supp. 1053, 1058 (M.D. Pa. 1987) ("[W]hile the controversy in question may not be of national or even state-wide importance, it is a public dispute of concern to residents of the local community, especially members of the Association." (citation omitted)).

**¶22** Additionally, we reject Plaintiffs' argument that the superior court's ruling implies that "any person who sits on any elected private board would be a 'limited public figure.'" First, other caselaw suggests persons elected to private boards can, under circumstances not relevant here, become limited purpose public figures. *See Agar*, 151 A.3d at 478-79 (citing cases). Second, private business boards differ from HOA boards because our legislature has extended some First Amendment-type protections to HOA members that corporate shareholders, for example, may not enjoy.[5] *See* A.R.S. §§ 33-1804, -1808.

**¶23** For these reasons, the heightened scrutiny applicable to statements made about limited purpose public figures applies in this case,

---

[5] We are not persuaded by Plaintiffs' citations to Arizona's Planned Communities Act to suggest that an HOA is not a "quasi-governmental" agency. The cited provisions state that an HOA cannot revoke commercial signage once approved by a governmental entity and cannot regulate roadways once they are dedicated to a governmental entity. A.R.S. §§ 33-1815, -1818(A). Neither applies here.

including to statements made shortly after the June 2020 recall election in which Marci and Melissa were removed from the Board.[6]

III. The False Light Claim Fails Because Plaintiffs Were Limited Purpose Public Figures.

**¶24** "[A] plaintiff cannot sue for false light invasion of privacy if he or she is a public official *and* the publication relates to performance of his or her public life or duties." *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 343 (1989). Plaintiffs do not challenge the superior court's conclusion that the statements alleged in the complaint related to their Board service; they only contend the court erred in deeming them to be limited purpose public figures. Because we affirm that determination, we affirm the dismissal of Plaintiffs' false light claim against Leslie.

IV. Plaintiffs' Defamation Claim Against Leslie Also Fails.

**¶25** Plaintiffs also argue the superior court erred in dismissing their defamation claim against Leslie. We review *de novo* the court's ruling. *See Dube v. Likins*, 216 Ariz. 406, 419, ¶ 44 (App. 2007).

**¶26** "[B]ecause the expense of defending a meritless defamation case can have a chilling effect on First Amendment rights, the superior court must act as gatekeeper protecting the right to free speech from encroachment." *Takieh v. O'Meara*, 252 Ariz. 51, 57, ¶ 13 (App. 2021) (internal quotation marks and citations omitted). So, the court must decide whether, given all the circumstances, the statements at issue can bear a defamatory meaning. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 105, ¶ 21 (App. 2017) (citations omitted). If the statements cannot convey a defamatory meaning, the claim is subject to dismissal. *BLK III, LLC v. Skelton*, 252 Ariz. 583, 588, ¶ 13 (App. 2022).

**¶27** The superior court found that Leslie's statements were "statements of opinion" that were "not actionable as defamation." There is no blanket First Amendment privilege for opinion statements. *See Milkovich v. Lorain J. Co.*, 497 U.S. 1, 18-19 (1990). But "a statement is not actionable if

---

[6] Plaintiffs argue the superior court's decision effectively makes them full "public figures" and not "limited purpose public figures" because the court did not specify the duration or scope of its public figure declaration as to them. We need not directly address this issue because all of the allegedly defamatory statements in Plaintiffs' complaint were related to or were made close in time to either the November 2019 election or the June 2020 recall election.

it is composed of 'loose, figurative, or hyperbolic language' that cannot reasonably be interpreted as stating or implying facts 'susceptible of being proved true or false.'" *Takieh*, 252 Ariz. at 57, ¶ 15 (quoting *Milkovich*, 497 U.S. at 21). The inquiry, therefore, is whether a challenged expression "would reasonably appear to state or imply assertions of objective fact." *Id.* (quoting *Yetman v. English*, 168 Ariz. 71, 76 (1991)) (emphasis omitted).

**¶28** Furthermore, a public-figure plaintiff claiming defamation must show not only that a defendant published a false and defamatory statement about the plaintiff, but did so with actual malice, i.e., with knowledge the statements were false or with what amounts to conscious disregard of their falsity. *See Dombey*, 150 Ariz. at 487; *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Gertz*, 418 U.S. at 342.

**¶29** Here, the claims and alleged statements pled in Plaintiffs' complaint are insufficient to meet the high scienter requirement placed on defamation claims by public figures or officials under *Dombey*, *New York Times v. Sullivan*, and *Gertz* and to overcome Leslie's First Amendment right to publicly discuss the Board elections and any qualifications of those seeking, holding, or otherwise intertwined in positions of public trust within the Val Vista Lakes Community Association. Although Arizona is a notice-pleading state, *see* Ariz. R. Civ. P. 8(a); *Cullen*, 218 Ariz. at 419, ¶ 6, "'conclusory statements are insufficient to state a claim upon which relief can be granted,' and 'legal conclusions, without any supporting factual allegations,' fail to satisfy Arizona's notice pleading standard. This is especially true in a defamation action . . . ." *BLK III*, 252 Ariz. at 588-89, ¶¶ 15, 17 (affirming the grant of a motion to dismiss and rejecting the plaintiff's claim that the defendants' statements were defamatory because the plaintiff offered "broad summaries" of the defendants' alleged statements that "lack[ed] the requisite specificity to allow the court to determine that they contained objectively verifiable statements of fact" (quoting *Cullen*, 218 Ariz. at 419, ¶ 7)). Plaintiffs' complaint, which largely contains their characterizations of Leslie's allegedly defamatory statements and provides no specificity as to how the actual malice requirement is met, is facially insufficient.[7]

---

[7] At oral argument on appeal, Plaintiffs' counsel conceded they did not know exactly what statements had been made by the various defendants and instead relied on "summaries" of what they believed others were saying about them. Presuming reasonable inquiry and the existence of a good faith basis for the allegations, *see generally* Ariz. R. Civ. P. 11(b)-

¶30            Moreover, even if Plaintiffs' summary allegations could be considered minimally sufficient to satisfy *Dombey*, *New York Times v. Sullivan*, and *Gertz*—which they are not—Plaintiffs' claim as to Leslie was nevertheless properly dismissed.

¶31            Plaintiffs concede on appeal that two of their three allegations against Leslie are not actionable: (1) that she wrote a social media post that "inquired as to people's religion, implying there was something related to religious belief affecting their actions," and (2) that she yelled, "Because you're a MORMON, that's why you're a damn . . . " at an August 2020 Board meeting while director Snow was responding to a question.

¶32            This leaves one statement—a social media post in which Leslie allegedly stated that the reason several people were not included in selection for the Board management committee was because LDS-affiliated Board members selected LDS-favored applicants, calling those applicants "LDS hand[-]picked." The post itself is not in the record. Plaintiffs therefore bore the burden to "clearly and specifically allege the content and context of the challenged statements and why and how they were defamatory." *BLK III*, 252 Ariz. at 588-89, ¶ 16; *accord Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009) ("[T]he substance of the [allegedly defamatory] statement must be pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content." (citation omitted)).

¶33            The parties' arguments on appeal—both in their briefs and at oral argument—show that Plaintiffs did not do so. Leslie contends the post did not refer to Plaintiffs because she made it after Melissa and Marci were removed from the Board. Plaintiffs contend, however, that Leslie was referring to "the Board on which Marci and Melissa served," arguing that the other two statements discussed in this section show "that the LDS real or imagined association of Marci and Melissa was a hot button topic during and after the election and recall election." The complaint did not allege sufficient facts to support such a claim, including failing to show the statement contained objectively verifiable statements of fact relating to either Marci or Melissa that could convey a defamatory meaning. The superior court therefore did not err in dismissing the defamation claim against Leslie. *See BLK III*, 252 Ariz. at 589, ¶ 17.

---

(c), the bare summaries that serve as allegations presented here, even if true, are not enough to survive a Rule 12(b)(6) motion.

V.      Leslie's Request for Attorneys' Fees is Denied.

**¶34**        Leslie requests attorneys' fees incurred in this appeal but cites no legal basis for recovery.  We therefore deny her request.  *See* ARCAP 21(a)(2).  Leslie may recover taxable costs upon compliance with ARCAP 21.

## CONCLUSION

**¶35**        We affirm the judgment dismissing Plaintiffs' claims against Leslie.



AMY M. WOOD • Clerk of the Court
FILED:    AA

11